PECK
*v.*
VAN RENSSE-
LAER.

*Wednesday,*
*December* 30.

---

## PECK and Another *v.* VAN RENSSELAER.

An assessment of damages under a writ of *ad quod damnum* may be objected to by the defendant, on the ground that the damages are insufficient; and the question as to the validity of the objection will be for the Court, and not for a jury, to determine.

Such writ was issued in a case where the petitioner's mill-dam, previously built, caused land of the defendant's to be overflowed. The inquest was favourable to a continuance of the dam, and gave the defendant damages for the injury to his land. Plea, a decree in chancery in the defendant's favour, enjoining the petitioner forever from causing, by his dam, the overflowing of defendant's premises, &c. *Held,* that the plea was insufficient.

*Wednesday,*
*December* 30.

ERROR to the *Jasper* Circuit Court.

BLACKFORD, J.—At the *March* term, 1844, of the *Jasper* Circuit Court, *Nelson Peck* and *Elmer Wilcox* filed a petition for a writ of *ad quod damnum*. The petition alleges that the petitioners own a certain tract of land, situate on both sides of the *Iroquois* river in said county; that they have a mill and dam on the premises built in 1840; that one *James Van Rensselaer* owns a certain parcel of land, above said land of the petitioners, situate on the same river; that part of *Van Rensselaer's* land is slightly overflowed by means of said dam. A writ of *ad quod damnum* was therefore prayed to assess the damages, &c. The Court, thereupon, ordered the writ to be issued. The writ was accordingly issued, the jury impanelled, &c., due notice having been given to *Van Rensselaer*, who was present at the taking of the inquest.

At the *September* term, 1844, the inquest was returned by the sheriff. The inquest states, among other things, that the mill and dam owned by the petitioners were built in 1840; that no mansion-house, curtilage, office, garden, or any build-

ing of any person, is or will be overflowed or injured by said dam; that neither fish of passage nor navigation in said river will be obstructed; that the health of the neighbourhood will not be annoyed by the stagnation of the water; that the land on both sides of the river at and near and contiguous to the mill and dam belongs to the petitioners; that the mill is and will be of great public utility; that *Van Rensselaer's* damages which have been and will be sustained amount, in all, to two dollars and fifty-five cents, and they are assessed at that sum; that the dam is three feet and four inches high; that there is no mill, &c., that will be overflowed; and that it is proper that the mill and dam should continue, &c. Damages are also assessed in favour of other persons besides *Van Rensselaer*.

On the first of *September*, 1845, a *scire facias* issued, commanding the sheriff to summon *Van Rensselaer* to appear and show cause, &c.; and, at the *October* term following, the parties appeared.

*Van Rensselaer* filed the following pleas against the confirmation of the inquest: 1. That the dam causes the river to flow on the wheels of the defendant's mill, to his damage 500 dollars; 2. That the defendant's land is overflowed by means of the dam, to his damage 300 dollars; 3. That in a suit in chancery against the petitioners, this defendant obtained a decree in *April*, 1845, that the petitioners should forever thereafter be enjoined from causing the river to flow back by means of said dam, or by any other means whatever, into the tail-race of defendant's mill, or upon any part of his premises; and that the petitioners should, within sixty days, abate the dam so that it should not overflow said premises. This plea also states that the dam continues of sufficient height to cause defendant's land to be overflowed. Replication to the first plea, that the dam does not cause the water to flow back any more than is described in the inquest. Replication to the second plea, that the defendant's land is not damaged beyond the finding of the inquest. Replication to the third plea, that the dam did not cause the water to back upon the land or mill of defendant as alleged. To the replication to the third plea, there was a general demurrer, which was sustained and the petition dismissed.

Vol. VIII.—40

The objection to the inquest raised by the first and second pleas, viz., that the damages found by the jury were insufficient, was not noticed by the Court. That the inquest may be objected to on that ground, has been decided at the present term in the case of *Chapman* v. *Groves et al.* It would be a question however, under the statute, for the Court and not for a jury to determine.

We think the decision on the demurrer to the replication to the third plea is wrong. That part of the third plea which avers that the dam causes the defendant's land to be overflowed, is surplusage. It merely alleges an injury which is stated in the petition, and for which damages had been previously assessed for the defendant. The other part of this plea, which relies on the enjoining the petitioners from overflowing the defendant's land, &c., cannot be supported. The dam had been built without any authority, and was a nuisance to those it injured. The Court declared it illegal, and ordered it, in part, to be abated. But that decree does not affect the right of the owners to apply to the proper tribunal, at a subsequent time, to have the dam rendered a legal one. Where one *Williamson* had fenced up a public road running through his land, and a Court of Chancery had decreed that it should be opened, enjoining *Williamson*, the defendant, from obstructing the road, it was held that the decree did not prevent the defendant from afterwards applying to the county Court to have the road vacated. The county commissioners afterwards ordered the road to be shut up; and that order, the Court of Appeals said, placed the premises over which the road formerly ran, under the control of said defendant, *Williamson*, to whom the land belonged, and gave him the same right of user of the land of that road, that he had of the rest of his estate. *Williamson* v. *Carnan*, 1 Gill & Johns. 184. That case tends to show that the decree relied on in the third plea, did not prevent *Peck* and *Wilcox* from subsequently obtaining, by means of a writ of *ad quod damnum*, leave to continue their mill and dam. We are of opinion, therefore, that, on the demurrer to the replication to the third plea, the decision should have been for the petitioners, on the ground that the plea was insufficient.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

    *H. P. Biddle*, for the plaintiffs.
    *D. D. Pratt*, for the defendant.